THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUDY VUONG, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| ) | |
| DENIS MCDONOUGH, Secretary of ) | |
| Veterans Affairs, ) | JURY DEMANDED |
|     Defendant. ) | |

**COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiff JUDY VUONG, in the above numbered and entitled case, complains of DENIS MCDONOUGH, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS (VA). (Hereafter, "Defendant", "VA" and/or "Agency"), Defendant in the above numbered and entitled case, and for cause(s) of action would respectfully show unto the Court and jury as follows:

**I. PARTIES**

1.    Plaintiff, JUDY VUONG an Asian Female, is a citizen of the United States, was employed as a Supervisory Health Systems Specialist (GS-0671-13) and then as a Program Analyst (GS-0343-13) for the Health Administrative Service (HAS) of the Department of Veterans Affairs at the Agency's Michael E. DeBakey VA Medical Center in Houston, TX during the time-period wherein the present of cause of action accrued. JUDY VUONG has been employed by the DEPARTMENT OF VETERANS AFFAIRS from September 2008 to present.

JUDY VUONG is a federal employee within the meaning of Section701(f) and Section

1

717(a) of Title VII, 42 U.S.C. Sec. 2000e(f) and 16(a) and at all relevant times was a federal employee.

2. Defendant DENIS MCDONOUGH is the SECRETARY OF THE DEPARTMENT OF VETERANS AFFAIRS, which is an agency of the United States government. Defendant does business at the United States Department of Veterans Affairs 810 Vermont Avenue, NW Washington DC 20420. Defendant DENIS MCDONOUGH is sued in his official capacity as SECRETARY OF THE DEPARTMENT OF VETERANS AFFAIRS, and as such, is amenable to suit as provided in Section701(f) and Section 717(a) of Title VII, 42 U.S.C. Sec. 2000e(f) and 16(a) and may be served by serving Secretary, DENIS MCDONOUGH.

## II. JURISDICTION

3. This action arises under Title VII of the Civil Rights Act of 1964, Section 701 et. seq., as amended, 42 U.S.C.A. 2000e, et. seq., 29 C.F.R. 1614 *et. seq.*, and 28 U.S.C. Section 1346.

4. All of the necessary administrative prerequisites have been met prior to filing the instant action, as Plaintiff has filed timely complaints of race discrimination, color discrimination, sex discrimination and retaliation with her federal employer, the Department of Veterans Affairs, and brings her claims more than 180 days after she filed her formal complaints.

5. The Southern District of Texas is where the actions complained of in the present case took place and where the employment records relevant to the unlawful practices are kept.

6. The jurisdiction of the Court is invoked pursuant to 28 US.C. § 1343(a)(4) and 42 U.S.C. § 2000E-5 (2012).

### III. VENUE

7. Venue is appropriate in this District pursuant to 28 U.S.C. §1391, 42 U.S.C. 2000e-5(f)(3), because the Defendant resides in this judicial district, and a substantial part of the events giving rise to this action took place within this judicial district.

### IV. FACTS

8. Judy was a Supervisory Health Systems Specialist (GS-0671-13) and then a Program Analyst (GS-0343-13) for the Department of Veterans Affairs at the Agency's Michael E. DeBakey VA Medical Center in Houston, TX, during the time-period that is the subject matter of the present litigation.

9. From on or about November 20, 2017 to on or about February 14, 2019, Defendant management officials, including but not limited to Ava (Pam) Womack (Chief of the Health Administrative Service), Anthony L. Dawson (Associate Director), Alisa P. Cooper (Chief Financial Officer), Kathy Salazar (HR Manager), Karandeep Sraon (Deputy Director) and Francisco Vazquez (Medical Center Director), badgered, harassed and humiliated Judy on almost a daily basis, motivated by and/or because of Judy's race, color, sex and in retaliation for her prior protected EEO activity. This continuous hostile work environment included but not limited to setting Judy up for failure, excessively monitoring Judy, talking down to Judy, mocking Judy's education, giving Judy demeaning work duties, trying to turn Judy's coworkers against her, attempting to create strife between Judy and her subordinate employees, intentionally giving Judy inconsistent instructions, sending Judy harassing emails, humiliating Judy in front of her coworkers, defaming Judy, repeatedly questioning Judy's intelligence, excluding and isolating

3

Judy from her coworkers. The incidents comprising this hostile work environment are identified in very specific detail in Exhibit 1 and Exhibit 2 attached to this Complaint.

10. In addition to the hostile work environment described above, the Defendant subjected Judy to several discrete adverse acts including but not limited to denying Judy a higher rating on her performance appraisal, eliminating Judy's position, denying Judy career enhancing opportunities on multiple occasions, deliberately isolating Judy physically, emotionally, and mentally, transferring Judy on multiple occasions and not promoting Judy. These discrete adverse acts were motivated by and/or because of Judy's race, color and sex, as well as being in retaliation for Judy's opposition to such unlawful conduct. The discrete acts of discrimination are identified in very specific detail in Exhibit 1 and Exhibit 2 attached to this Complaint.

11. On or about October 7, 2018, Judy filed a very detailed formal complaint of discrimination with the Defendant. Said formal complaint is attached to this Complaint as Exhibit 1. In her formal complaint, Judy identified a non-exhaustive list of 146 continuous discriminatory and retaliatory actions the Defendant subjected Judy to from on or about November 20, 2017 to on or about September 27, 2018. The incidents of the continuous hostile work environment and discrete acts identified in Exhibit 1 are incorporated by reference into the facts section of this federal complaint.

12. On or about February 18, 2019, Judy filed very detailed amendments to her formal complaint of discrimination with the Defendant. The amendments to her formal complaint are attached to this Complaint as Exhibit 2. In her amendments, Judy identified a non-exhaustive list of 18 continuous discriminatory and retaliatory actions the Defendant subjected Judy to from on or about November 20, 2018 to on or about February 14, 2019. The

incidents of the continuous hostile work environment and discrete acts identified in Exhibit 2 are incorporated by reference into the facts section of this federal complaint.

13. On information and belief, Judy asserts that the Defendant acted willfully and with malice and in reckless disregard of Judy's rights and welfare.

14. Defendant, through its subordinates, retaliated against Judy for engaging in the EEO process and subjected Judy to a hostile work environment in violation of Title VII.

## V.   CAUSES OF ACTION

15. Judy incorporates the preceding and proceeding paragraphs into this paragraph by reference. Judy also incorporates the allegations set forth in Exhibit 1 and Exhibit 2, attached to this complaint by reference. The above described facts constitute retaliation and discrimination based on race, color and sex in violation of Title VII. Defendant's reasons for denying Judy a higher rating on her performance appraisal, eliminating Judy's position, denying Judy career enhancing opportunities on multiple occasions, deliberately isolating Judy physically, emotionally, and mentally, transferring Judy on multiple occasions and not promoting Judy were motivated by and/or because of her race, color and sex, as well as being in retaliation for Judy's opposition to such unlawful conduct.

16. Judy incorporates the preceding and proceeding paragraphs into this paragraph by reference. Judy also incorporates the allegations set forth in Exhibit 1 and Exhibit 2, attached to this complaint by reference. Defendant's conduct in subjecting Judy to a hostile work environment motivated by and/or because of her race, color and sex, as well as being in retaliation for Judy's opposition to such unlawful conduct violates Title VII. Judy is suffering and will continue to suffer irreparable injury as a result of the acts of the Defendant.

## VI.   DAMAGES

17. Judy's claims of discrimination and retaliation are within the jurisdictional limits of this Court.

18. Judy incorporates the preceding and proceeding paragraphs into this paragraph by reference. Judy also incorporates the allegations set forth in Exhibit 1 and Exhibit 2, attached to this complaint by reference. The conduct described above proximately caused actual and compensatory damage to Judy, including but not limited to lost wages, benefits, humiliation and emotional distress, physical pain and suffering, medical services and medications in the past and in the future, damage to her personal reputation, damage to her professional reputation, damage to her earning capacity, and damage to her enjoyment of life.

19. Judy is entitled to recover reasonable attorney fees pursuant to EAJA 28 U.S.C. § 2412(b), and Title VII.

### PRAYER FOR RELIEF

20. WHEREFORE, Judy requests that this Honorable Court advance this case on the docket, order a jury trial at the earliest practical date, and grant Judy the following relief pursuant to all federal law and statutes cited in the preceding and proceeding paragraphs, including, but not limited to the following:

   (a) Grant. Judy a permanent injunction enjoining Defendant, it's agents, successors, employees, and those acting in consort with Defendant, from continuing to violate Judy's rights;

(b)  Issue an order requiring Defendant to promote Judy to a higher position to which she is entitled by virtue of her responsibilities and qualifications or award front pay if such promotion is not feasible;

(c)  Issue an order awarding Judy back pay, fringe benefits, and any other appropriate relief necessary to make Judy whole and compensate her for the civil rights violations described above;

(d)  Award Judy compensatory/mental anguish damages;

(e)  Award Judy prejudgment and post-judgment interest as allowed by law;

(f)  Award Judy attorney fees and costs of this suit;

(g)  Award Judy such other legal and equitable relief as this Court deems just and proper;

(h)  Award Judy damages requested in part VI of this Complaint;

(i)  Award Judy all other relief, in law and equity, to which Judy may be entitled.

Dated this 3rd day of June 2022.                Respectfully submitted,

/S/ Ashok Bail

_____
Ashok Bail
Attorney for Plaintiff
3120 Southwest Freeway, Suite 450
Houston, TX 77098
Tel. No. (832) 216-6693
Fax. No. (832) 263-0616
E-mail: ashok@baillawfirm.com
Attorney for Plaintiff
The Bail Law Firm, PLLC