**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Judy Vuong, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-01823 |
| | § | |
| United States Department of Veterans | § | |
| Affairs; Secretary Denis McDonough, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT DEPARTMENT OF VETERANS AFFAIRS'**
**UNOPPOSED MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant U.S. Department of Veterans Affairs moves to dismiss with prejudice the claims against it because a Title VII action can be brought only against the head of the relevant agency, not the agency itself. Plaintiff does not oppose this motion.

**NATURE AND STAGE OF THE PROCEEDING**

Plaintiff brings an employment action arising out of her employment at the Department of Veterans Affairs. (Dkt. 31 at 1-2). Plaintiff filed suit against Secretary of Veterans Affairs Denis McDonough, who will separately answer Plaintiff's complaint, and (2) the U.S. Department of Veterans Affairs (the "VA"), which now moves to dismiss this suit.

**STANDARD OF REVIEW**

A court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). This plausibility standard is met

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## ARGUMENT

The only proper party defendant in a Title VII action brought by a federal employee is the head of the relevant agency. *Quevedo v. Army & Air Force Exch. Serv.*, 234 F.3d 29 (5th Cir. 2000) (citing 42 U.S.C. § 2000e-16(c) and *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir.1988)). Thus, the only proper defendant is the Secretary of Veterans Affairs Denis McDonough. Accordingly, all claims against the Department of Veteran Affairs should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant U.S. Department of Veterans Affairs moves to dismiss all claims against it with prejudice.

Dated: July 14, 2023

Respectfully submitted,

Alamdar S. Hamdani
United States Attorney

By: */s/ Myra Siddiqui*
Myra Siddiqui
Assistant United States Attorney
Texas Bar No. 24106434
S.D. Tex. ID No. 3257790
1000 Louisiana St., Suite 2300
Houston, Texas 77002
Telephone: (713) 567-9600
Facsimile: (713) 718-3033
Email: myra.siddiqui@usdoj.gov

## CERTIFICATE OF CONFERNECE

I certify that on July 14, 2023, I conferred with Plaintiff's counsel via email regarding the foregoing motion. Plaintiff does not oppose this motion.

*/s/ Myra Siddiqui*
Myra Siddiqui
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on the parties receiving ECF notification in this case on July 14, 2023, by CM/ECF notice.

*/s/ Myra Siddiqui*
Myra Siddiqui
Assistant United States Attorney